**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| DAVID PRIEST | § § | |
| v. | § § | Case No. 2:16-CV-1030-RSP |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § § | |

**MEMORANDUM OPINION**

On February 27, 2015, Administrative Law Judge Elizabeth B. Dunlap issued a decision finding that Petitioner David Gene Priest was not disabled within the meaning of the Social Security Act from October 14, 2012 through the date of the decision. Mr. Priest, who was 54 with a high school education at that time, was found to be suffering from severe impairments consisting of history of aneurysm, status post microsurgical clipping and anxiety. These impairments resulted in restrictions on his ability to work, and he had not engaged in any substantial gainful activity since at least October 14, 2012. Before that time, he had worked for 30 years as a machine operator and sheet inspector for the International Paper Company. He was not able to successfully return to that work after his two aneurysms.

After reviewing the medical records and receiving the testimony at the October 30, 2014 video hearing, the ALJ determined that Petitioner had the residual functional capacity (RFC) to perform the work at all exertional levels as defined by the Social Security regulations. However, mentally he can understand, remember and carry out only the simplest tasks in the least demanding level of employment. He requires oral, not written, job instructions, and cannot perform fast-paced

1

work activities as required to maintain a production pace, and he cannot interact with the general public.

Considering Petitioner's RFC, the ALJ relied upon the testimony of a Vocational Expert, Michael F. Gartman, and found that Petitioner had the residual functional capacity to perform certain jobs that exist in significant numbers in the national economy such as production helper, dryer attendant, and box bender. This resulted in a finding of no disability. Petitioner appealed this finding to the Appeals Council, which denied review on July 29, 2016. Petitioner timely filed this action for judicial review seeking remand of the case for award of benefits.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), *cert. denied*, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Plaintiff raises three issues on this appeal:

1. Plaintiff meets Listings 12.02 and 12.05, and the ALJ's decision is not supported by substantial evidence because of his failure to consider these Listings.

2. The ALJ erred in assessing Plaintiff's residual functional capacity.

3. The ALJ erred in discrediting the opinion of Dr. Bunch, and the opinion of Dr. Bryan Smith.

*Analysis*:

The central issue of this appeal concerns the ALJ's decision to discredit the findings of Petitioner's treating physician, Dr. Darrell Bunch, in favor of the opinion of the non-examining state agency psychologist Dr. Jean Germain. Also at issue are the ALJ's treatment of the reports of two providers who each examined Petitioner once, Dr. Bryan Smith, who performed a "fitness for duty evaluation" when Petitioner attempted to return for work, and Dr. Betty Feir, Ph.D., who performed a consultative psychological examination for the state agency.

Dr. Bunch was Petitioner's treating physician throughout the relevant period. During that period, after his July 2012 brain surgery to remove the aneurysms, Dr. Bunch completed two functional assessment forms, both finding that Petitioner was not capable of returning to work due to both physical and mental limitations. One in March 2013 and the second in August 2013. The ALJ compared the two assessments and determined that they were inconsistent in terms of the weight that Petitioner could lift and the time he could spend walking during the workday. Finding no intervening event to justify the differences, the ALJ concluded that "the unexplained conflicts between his assessments undermine that [sic] general credibility of his opinions and I grant them no weight." (Tr. 21). The Court's review of the record shows that Dr. Bunch's assessments covered several pages each. (Tr. 243-247 and 568-575). In fact, the walking restrictions were consistent. While the lifting "maximum" restrictions were different, the primary lifting restrictions

3

were very similar: in March, it was 20 pounds frequently, and in August, it was 20 pounds occasionally. The decision to assign no weight to the primary treating physician's findings over this miniscule discrepancy was arbitrary. Therefore, there is no substantial evidence in the record to support the finding by the ALJ that Petitioner had an RFC with no exertional restrictions.

Dr. Bunch also found that Petitioner had limitations due to his memory loss, which had caused the loss of his 30-year job with International Paper. Those problems were documented in the "fitness for duty evaluation" by Dr. Smith, which was presented to the Appeals Council after the ALJ's decision. Dr. Smith found "significant neuropsychological/cognitive difficulty or brain dysfunction" and recommended that he not be allowed to return to work. (Tr. 10). Both Petitioner and his wife testified about the limiting effects of his memory loss on his functioning.

The Commissioner addressed the mental restrictions by having Petitioner evaluated by Dr. Betty Feir, a state agency psychologist. She performed a battery of tests and rendered a report finding an IQ of 67, placing him in the "Extremely Low range of intellectual ability." (Tr. 687). She noted that his "significant weakness in Processing Speed" appeared to be pulling his overall performance down. He had a noted problem with finishing tasks in a timely manner. In places he performed in the "moderately to severely impaired range," but overall she felt he was functioning in the "borderline to low average" range. *Id.*

The ALJ stated that she gave Dr. Feir's opinions great weight, but seemed to boil them down to working at a slow pace and having difficulty performing visual memory tasks. (Tr. 25). This is not a fair characterization of the severity of the findings. The only medical source supporting the ALJ's RFC is Dr. Germain, a psychologist who never examined or tested Petitioner, and simply reviewed the records. The mental RFC that she proposed, and the ALJ adopted, does

4

not adequately take into account the significant memory and concentration limitations found by Dr. Bunch and Dr. Feir (and later by Dr. Smith).  Accordingly, the Court finds that substantial evidence does not support the finding of the ALJ that Petitioner is not disabled.

*Conclusion:*

Having determined that the decision is not supported by substantial evidence, the ruling below is reversed and remanded to the Commissioner pursuant to the fourth sentence of 42 U.S.C. §405(g) for further proceedings consistent with this ruling.

**SIGNED this 22nd day of September, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE